

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion Number O-4804
Re: Whether Comptroller may issue
warrant to State employee for
salary while such person is
receiving benefits under the
Teacher Retirement Law.

We have received your letter of August 26, 1942,
which we quote in part as follows:

"An ex-teacher will receive benefits from
the Teacher Retirement Fund September 1st of
this year. He has secured employment from one
of the State Departments. May this department
issue warrant in payment of his salary while
such person is receiving benefits from the
Teacher Retirement Fund?"

We are informed that the employee in question is
eligible for service retirement under the Teacher Retirement
Act (Article 2922-1, Vernon's Annotated Civil Statutes). How-
ever, this question is not before us, and we express no views
thereon. You are interested in the question whether you may
issue a warrant to a person for his salary as a State employee
while such person is receiving service retirement benefits
under the Teacher Retirement Act. This opinion is expressly
confined to that question.

Article XVI, Section 33, Constitution of Texas, pro-
hibits the accounting officers of this State from drawing or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page #2

paying a warrant upon the Treasury in "favor of any person for salary or compensation as an agent, officer or appointee who holds at the same time any other office or position of honor, trust or profit under this State or the United States . . . ." (Emphasis supplied).

That the State employee, as such, is an "agent, officer or appointee" there can be no doubt. But does the receipt of retirement benefits make him the holder of another office or position of honor, profit or trust? We are of the opinion that this question should be answered in the negative.

It is obvious that the retired member, as such, does not hold an office. Opinion Number O-3916. "Position" as used in the above quoted provision, we think, means the employment or appointment of a person by the State or the United States to render certain services. This fact is shown by the use of the words "office or position". Therefore, such retired member, as such, does not hold a position of honor, trust or profit.

Article 4413 (30), Vernon's Annotated Civil Statutes, provides for preference of employment in State departments of veterans of certain wars. Said article provides in part as follows:

" . . . provided, however, that no such preference shall be extended to such soldiers, sailors, marines, and nurses who are receiving from the State or Federal Government any monies totaling Fifty ($50.00) Dollars or more by reason of disabilities incurred during active service in the Army, Navy, Marine, or Nurse Corps, or by reason of Old Age Assistance payment, or any other Social Security monies provided by law . . . ."

Under Article 4413 (30) the fact that a veteran receives funds from the State or Federal Government, as provided in the

Honorable George H. Sheppard, page #3

article, in no way affects his preference rights unless the amount of such moneys totals $50.00 or more; however, even if he receives $50.00 or more, he still is eligible for employment.

A construction of the word "position" other than the one we have given would raise serious questions as to the constitutionality of Article 4413 (30). We think no other interpretation than the one heretofore announced was intended by the framers of our Constitution.

Section 40 of Article XVI, Constitution of Texas, prohibits the holding of more than one civil office of emolument. In Opinion O-3916 it was held that a retired teacher under the Retirement Act does not hold an office. Therefore, neither this section nor Section 33 of Article XVI is applicable to the question under consideration, and we know of no duties devolving upon the retired teacher which would in any way be inconsistent with his duties as a state employee.

You are, therefore, respectively advised that the fact that a state employee receives service retirement benefits under the Teacher Retirement Act of Texas in no way affects his right to receive a salary for services rendered as State employee; it follows that such fact would in no way prevent the issuance of a warrant by your department in payment of such salary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _(signature)_

George W. Sparks
Assistant

OWS-s   APPROVED AUG 28, 1942

_(signature)_ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _(signature)_
CHAIRMAN